(51 Misc. 614)

### MEEHAN v. HOGAN et al.

(Supreme Court, Appellate Term.   November 14, 1906.)

MASTER AND SERVANT—INJURY TO EMPLOYÉ—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Evidence, in an action for injury to an employé by bricks, laid the day before in a wall, giving way when he placed his foot thereon while constructing a scaffold in a building in the course of construction, *held* sufficient to go to the jury on the question of his freedom from contributory negligence.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 1089–1132.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Lawrence Meehan against Daniel Hogan and another. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

P. Henry Delehanty, for appellant.

Frank A. Acer, for respondents.

DOWLING, J. On June 21, 1905, plaintiff, while engaged at work as a bricklayer upon buildings in course of construction by defendant, was laying bricks to form an 8-inch wall, which was to rest upon a basement wall 12 feet high and 16 inches thick. Upon the basement wall had been placed in position the iron floor beams for the first floor of the building, and between the beams three courses of brick had been laid, filling completely the spaces between the beams and bringing the courses up to a level with the tops of the beams, and such courses were covered with cement. Plaintiff entered upon his work on June 21st on the premises in question, and the three courses of brick had been laid the previous day; plaintiff having had nothing whatever to do with their laying, and then being employed on another building. Plaintiff was working on a scaffold built inside the wall, about 2 to 4 inches therefrom and on a level with the tops of the beams, when, in the course of his work, he put one foot on the wall on which he was working, and some bricks in the three courses referred

to fell out, precipitating plaintiff to the cellar of the building, whereby he was injured. Plaintiff was a bricklayer of 30 years' experience, and Hogan, foreman of defendants, having supervision of plaintiff's work had marked out the new wall to be built.

Plaintiff's claim is that defendants were guilty of negligence (a) in failing to furnish him with a safe place in which to perform his work; (b) in failing to provide safe ways, works, and machinery and proper appliances with which to perform his work, as required by the employers' liability act; (c) in negligently and defectively constructing a brick wall upon which plaintiff was placed at work; (d) in failing to warn plaintiff of its defective construction. Plaintiff, by his own testimony and that of another experienced bricklayer, sought to establish that the proper and recognized method of building a wall of three courses, where it is intended to erect an 8-inch wall upon the central portion of a 16-inch wall (as in this case), is first to lay a course of bricks crosswise of the wall (known as "headers"), then a middle course parallel with the wall (known as "stretchers"), and finally the last course crosswise of the wall (known as "binders"). This method of construction insures a solid and firm wall. In the case of the wall in question, this method was not followed, but all the courses were laid as "stretchers," parallel with the wall; this being claimed to be a negligent and improper construction. Furthermore, it is sought to be established that the cement used in said three courses was defective and of inferior grade. At the close of plaintiff's case the complaint was dismissed, and from such dismissal this appeal is taken; plaintiff's request to be allowed to go to the jury upon specific questions having been denied.

For the purposes of this appeal, the testimony given in behalf of plaintiff must be assumed to be true; and it is difficult to see how upon that testimony plaintiff could be nonsuited. If, in the course of his employment, doing the work indicated by his foreman, plaintiff placed one foot upon a wall built by defendants the day previous, which wall was defectively and improperly built and bound together with inferior cement, and his placing his foot thereon was incident to and necessary for the work he was directed to do, it is not easy to see how, as a matter of law, he can be charged with contributory negligence, unless he was bound to assume that a wall intended to support the 8-inch wall of the entire building was not sufficiently solid to bear the weight of his foot or body. Upon the present record, the judgment appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.